1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7      GUILLERMO TRUJILLO CRUZ,                    Case No. 22-cv-03742-HSG

8                     Plaintiff,                   **ORDER DIRECTING PLAINTIFF TO
                                                   SHOW CAUSE WHY HIS REQUEST
9              v.                                  FOR LEAVE TO PROCEED IN
                                                   FORMA PAUPERIS SHOULD NOT BE
10     A. ETZEL,                                   DENIED**

11                    Defendant.                   Re: Dkt. No. 2

12

13          Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant

14    to 42 U.S.C. § 1983.  He has requested leave to proceed *in forma pauperis*.  Dkt. No. 2.  For the

15    reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to

16    proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in

17    28 U.S.C. § 1915.

18                                      **DISCUSSION**

19          This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was

20    enacted, and became effective, on April 26, 1996.  The PLRA provides that a prisoner may not

21    bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the

22    prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

23    an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous,

24    malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

25    imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  "[T]he imminent danger

26    exception to the PLRA three-strikes provision requires a nexus between the alleged imminent

27    danger and the violations of law alleged in the complaint."  *Ray v. Lara*, 31 F.4th 692, 695 (9th

28    Cir. 2022).

United States District Court
Northern District of California

United States District Court
Northern District of California

**A.      Prior Denials of *In Forma Pauperis* Status**

Plaintiff is a frequent litigant.  Plaintiff has filed at least thirty-nine cases in the Eastern District of California, *see, e.g., Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.*C No. 17-cv-00084-AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571; and *Cruz v. Chappuis*, C No. 19-cv-01467-WBS-EFB.  He has filed at least eight cases in the Northern District, including the instant action.  *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-7649; *Cruz v. Ortiz*, C No. 20-cv-00176; *Cruz v. Chandler*, C No. 20-cv-3421; and *Cruz v. Bedusa*, C No. 22-cv-00670.  In the other seven cases, the Court found that Plaintiff had at least three cases dismissed that counted as "strikes"[1] and had not demonstrated that he qualified for the imminent danger exception.  The Court therefore denied him leave to proceed *in forma pauperis* in these cases pursuant to 28 U.S.C. § 1915(g).  *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-7649, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670, Dkt. No. 5 (Feb. 16, 2022).   Because Plaintiff has suffered at least three cases dismissed that count as "strikes," pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates that he is in imminent danger of serious physical injury at the time he filed the complaint.

**B.      Complaint**

The complaint makes the following allegations.

---

[1] The Court found that the following cases counted as strikes: (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

United States District Court
Northern District of California

1    On or about November 22, 2021, named defendant PBSP correctional officer Etzel, along

2    with receiving and release staff, maliciously damaged Plaintiff's personal property in retaliation

3    for Plaintiff reporting PBSP officers Chandler and Bedusa's unlawful destruction of Plaintiff's

4    personal property.  Defendant Etzel falsely claims that Plaintiff's personal property was already

5    altered and destroyed when found.  Defendant Etzel refused to allow Plaintiff to send home his

6    damaged property.  On or about May 27, 2022, defendant Etzel maliciously and sadistically had

7    Plaintiff assaulted in front of his cell "by using anonymous resources to do his 'dirty work' by

8    ordering the assault for filing a C.D.C.R. 602 grievance, appeal log No. #217864, Dated 06-01-

9    2022."  Dkt. No. 1 at 5.  PBSP officer Sampson falsely accused Plaintiff of being involved in

10   fighting to cover up defendant Etzel's misdeeds.   Plaintiff reports that he exhausted his

11   administrative remedies with respect to this claim by filing a grievance on March 28, 2022.  Dkt.

12   No. 1 at 6.  Plaintiff has attached a declaration stating that he is in imminent danger of serious

13   physical injury because defendant Etzel verbally threatened him and ordered an assault on him

14   from March 28, 2022 to May 27, 2022.  Dkt. No. 1-1 at 2.

15   The complaint alleges the following legal claims.  On an unspecified date, defendant Etzel

16   used excessive force on Plaintiff by punching and hitting Plaintiff in the face, in retaliation for

17   Plaintiff reporting the damaged property.  Defendant Etzel also retaliated against Plaintiff for

18   Plaintiff's use of the grievance system by threatening Plaintiff with physical violence.  Defendant

19   Etzel failed to reimburse Plaintiff for the lost and/or damaged property and encouraged other

20   inmates to attack Plaintiff on May 27, 2022, in violation of the Eighth Amendment and in

21   retaliation for Plaintiff's exercise of his First Amendment rights.

22   **C.   Analysis**

23   Plaintiff's allegations do not support an inference that he faced imminent danger of serious

24   physical injury from defendant Etzel on June 19, 2022, the date Plaintiff provided the complaint to

25   prison authorities for mailing.  ECF No. 1-2 at 4.  The alleged physical assault took place on May

26   27, 2022, and there are no allegations of threats of physical violence or instances of physical

27   violence after May 27, 2022.  Furthermore, Plaintiff's allegations are inconsistent and vague.

28   Plaintiff alleges that defendant Etzel had him assaulted on May 27, 2022, in retaliation for a

3

grievance dated June 1, 2022, after the assault took place.  Plaintiff's claim that defendant Etzel was the cause of the May 27, 2022 attack is based on the conclusory statement that defendant Etzel used "anonymous resources."  Plaintiff's claim of imminent danger of serious physical injury from defendant Etzel is speculative.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful").  Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**CONCLUSION**

For the reasons set forth above, the Court orders Plaintiff to, within **twenty-eight (28) days** of the date of this order, show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.  Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated:  7/6/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4