UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>  Plaintiff,<br><br>  v.<br><br>A ETZEL,<br><br>  Defendant. | Case No. 22-cv-03742-HSG<br><br>**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL; DENYING MOTION TO CLARIFY**<br><br>Re: Dkt. Nos. 2, 11 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. On July 6, 2022, the Court ordered Plaintiff to show cause why his request for leave to proceed *in forma pauperis* (Dkt. No. 2) should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g). Dkt. No. 4. Plaintiff has filed a response. Dkt. No. 9. Plaintiff has also filed a motion to show cause why his request for leave to proceed *in forma pauperis* should not be granted, Dkt. No. 10, and a "motion to clarify newly discovered evidence to the 'imminent danger of serious physical injury,'" Dkt. No. 11. The Court construes Dkt. Nos. 10 and 11 as supplemental responses to the Court's July 6, 2022 Order to Show Cause. For the reasons set forth below, the Court DENIES Plaintiff's request for leave to proceed *in forma pauperis* (Dkt. No. 2), and orders Plaintiff to pay the filing fee in full in order to proceed with this action.

**DISCUSSION**

**I.  PLRA's Three Strikes Provision**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

## II.     Order to Show Cause

The Court ordered Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied, given that, in at least seven other cases, Plaintiff had been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] and the complaint did not

---

[1] Plaintiff was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) in the following cases: *Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-7649, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670, Dkt. No. 5 (Feb. 16, 2022). In these cases, the Court found that the following cases counted as strikes within the meaning of 28 U.S.C. § 1915(g): (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No.

allege that Plaintiff was in imminent danger of serious physical injury. Dkt. No. 4 at 2. In relevant part, the Court found as follows:

> The complaint alleges the following legal claims. On an unspecified date, defendant Etzel used excessive force on Plaintiff by punching and hitting Plaintiff in the face, in retaliation for Plaintiff reporting the damaged property. Defendant Etzel also retaliated against Plaintiff for Plaintiff's use of the grievance system by threatening Plaintiff with physical violence. Defendant Etzel failed to reimburse Plaintiff for the lost and/or damaged property and encouraged other inmates to attack Plaintiff on May 27, 2022, in violation of the Eighth Amendment and in retaliation for Plaintiff's exercise of his First Amendment rights.
>
> **A.     Analysis**
> Plaintiff's allegations do not support an inference that he faced imminent danger of serious physical injury from defendant Etzel on June 19, 2022, the date Plaintiff provided the complaint to prison authorities for mailing. ECF No. 1-2 at 4. The alleged physical assault took place on May 27, 2022, and there are no allegations of threats of physical violence or instances of physical violence after May 27, 2022. Furthermore, Plaintiff's allegations are inconsistent and vague. Plaintiff alleges that defendant Etzel had him assaulted on May 27, 2022, in retaliation for a grievance dated June 1, 2022, after the assault took place. Plaintiff's claim that defendant Etzel was the cause of the May 27, 2022 attack is based on the conclusory statement that defendant Etzel used "anonymous resources." Plaintiff's claim of imminent danger of serious physical injury from defendant Etzel is speculative. *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful").

Dkt. No. 4 at 3.

In Plaintiff's initial response to the Order to Show Cause, Dkt. No. 9, Plaintiff argues that he was in imminent danger of serious physical injury at the time he filed the complaint for the following reasons. From November 22, 2021 to December 31, 2021, PBSP officers G. Ochoa, M. Ochoa, and Lewis, and LVN Teresa threatened to have him beaten and "off the yard." Dkt. No. 9 at 1. "Then on December 20-31, 2021, Defendant, A. Etzel, et. al, also threaten[ed to have Plaintiff] beaten and off the yard for filing a C.D.C.R 602 grievance." Dkt. No. 9 at 1. The threats continued through May 27, 2022, when the actual assault occurred. The threats from defendant Etzel and his co-workers continue to this day. Plaintiff genuinely fears for his safety, and suffers from emotional distress, fright, anxiety, and physical injury. *See generally* Dkt. No. 9.

In Plaintiff's second response to the Order to Show Cause, Dkt. No. 10, which he titles "Motion to Show Cause Why My Request for Leave to Proceed *In Forma Pauperis* Should Not

---

17-15200 (9th Cir Aug. 21, 2017).

Be Denied," Plaintiff argues that he was in imminent danger of serious physical injury at the time that the complaint was filed for the following reasons. On the date he filed the complaint, he submitted a personal handwritten declaration without being coerced or threatened by anyone. On May 27, 2022, defendant Etzel threatened him with a battery. Since that date and continuing until Plaintiff filed this action, defendant Etzel and his co-workers have continued to threaten Plaintiff with assault, battery, and stabbing, and have used new tactics to involve Plaintiff in physical altercations to cover up their use of force. The new tactic is to have "anonymous resources" scream out disrespectful statements and bang all day. From Plaintiff's arrival at Pelican Bay State Prison in December 2016 to July 30, 2022, Plaintiff has been verbally threatened with physical injury. Dkt. No. 10 at 1-2. Plaintiff has attached to this pleading the following documents which he alleges support these claims: the RVR and related documentation for the May 27, 2022 fight, and various grievances filed during his time at PBSP. Dkt. No. 10 at 3-50.

Plaintiff has filed a third response to the Order to Show Cause, which he titles "Motion to Clarify Newly Discovered Evidence to the Imminent Danger of Serious Physical Injury." Dkt. No. 11. Because there is nothing to clarify and this is merely a response to the Order to Show Cause, the Court DENIES the motion to clarify as moot and construes this pleading as a supplemental response to the Order to Show Cause. In Dkt. No. 11, Plaintiff alleges that he has learned from PBSP correctional officer Simpson that defendant Etzel ordered the May 27, 2022 assault upon him, as retaliation for Plaintiff reporting that defendant Etzel had destroyed his personal property in a June 1, 2022 grievance. Plaintiff alleges that defendant Etzel continues to threaten him with assault and battery to prevent Plaintiff from exercising his rights through the prison grievance system. Dkt. No. 11 at 1-3. Plaintiff attaches to this pleading the following documents: a copy of Dkt. No. 10 at 1-2, and the disciplinary hearing results for the May 27, 2022 RVR for fighting. Dkt. No. 11 at 4-16.

Plaintiff has not established imminent danger of serious physical injury, much less an imminent danger related to the violations of law alleged in the complaint. For the most part, Plaintiff merely repeats the allegations he made in his complaint. Plaintiff's claim that defendant Etzel had him assaulted on May 27, 2022, in retaliation for filing a grievance is not supported by

4

1  the record. The grievance regarding destroyed property that allegedly triggered the assault was
2  filed on June 1, 2022, but the assault took place prior to that grievance being filed, on May 27,
3  2022. The December 3, 2021 grievance attached to Dkt. No. 9 is not plausibly the motivation for
4  the May 27, 2022 grievance. This grievance does not reference defendant Etzel. It was filed
5  against PBSP officers G. Ochoa, M. Ochoa, and Lewis, and LVN Teresa and was denied at the
6  final level of review in January 2022, four months prior to the assault. Plaintiff's allegations that
7  he has been threatened by defendant Etzel and his co-workers from November 22, 2021 to the date
8  he filed this action (and that he continues to be threatened) are vague and conclusory, and
9  therefore insufficient to establish imminent danger on the date Plaintiff filed this action. Rather, if
10 it is to be believed that defendant Etzel and his co-workers continuously threaten Plaintiff with
11 assault, it would weigh in favor of finding Plaintiff was not in imminent danger of physical injury
12 at the time this complaint was filed because defendant Etzel has not acted on his threats.
13 Plaintiff's claim that correctional officer Simpson disclosed that defendant Etzel ordered the
14 attack, if believed, also similarly fails to establish imminent danger of physical injury at the time
15 the complaint was filed because it does not plausibly allege that defendant Etzel planned to order a
16 second assault. The claim is also suspect given that Plaintiff has alleged that defendant Simpson
17 ordered the attack in a separate action, C No. 22-cv-4898 HSG, *Cruz v. Simpson*.[2]  Plaintiff has
18 failed to plausibly demonstrate that he was in imminent danger of serious physical injury when he
19 filed his complaint on or about June 19, 2022.[3]

---

[2] In his other recently-filed lawsuits, Plaintiff identifies different prison officials as responsible for the May 27, 2022, attack and always makes these allegations for the purpose of satisfying the "imminent danger of serious physical injury" requirement set forth in 28 U.S.C. § 1915(g). In other words, Plaintiff appears to use the May 27, 2022 assault to circumvent the three-strikes provision of 28 U.S.C. § 1915(g) by claiming that the defendant(s) named in the lawsuit ordered the assault, even though the altercation involved only inmates and there are no allegations explaining how inmates Robles and Lopez are linked to the named defendant(s). For example, in C No. 22-0670, *Cruz v. Bedusa*, Plaintiff alleges that PBSP correctional officer Bedusa ordered the May 27, 2022 attack; in C No. 22-cv-4627 HSG, *Cruz v. Valdez, et al.*, Plaintiff alleges that PBSP correctional officer Valdez, Chapa and Declue ordered the May 27, 2022 attack; and in C No. 22-cv-5556 HSG, *Cruz v. Calderon, et al.*, he alleges that PBSP correctional officers Calderon, Hamilton, Ford, Nelson and Cena ordered the May 27, 2022 attack.

[3] In determining when a Section 1983 suit filed by a pro se prisoner is filed, the "mailbox" rule applies. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). A Section 1983 complaint is considered to be filed on the date a prisoner delivered it to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). It appears from the envelope that the

Plaintiff's request to proceed *in forma pauperis* (Dkt. No. 2) is DENIED because Plaintiff has suffered three "strikes" within the meaning of Section 1915(g), and the complaint does not plausibly allege that Plaintiff was in imminent danger of serious physical injury at the time the complaint was filed. *See generally* Dkt. No. 4.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DENIES as moot the "Motion to Clarify Newly Discovered Evidence to the Imminent Danger of Serious Physical Injury." Dkt. No. 11.

2. The Court DENIES Plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Dkt. No. 2.

3. Plaintiff may proceed with this action only if he pays the $402 filing and administrative fee in full. Plaintiff must pay the full filing fee within **twenty-eight (28) days** of the date of this order. If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to Plaintiff re-filing upon payment of the full filing fee.

This order terminates Dkt. Nos. 2, 11.

**IT IS SO ORDERED.**

Dated:   11/2/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

complaint was given to a correctional official for mailing on June 19, 2022. Dkt. No. 1-2 at 4.