<div align="center">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No. 22-cv-03742-HSG |
| Plaintiff, | **ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | Re: Dkt. No. 15 |
| A ETZEL, | |
| Defendant. | |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. On November 2, 2022, the Court found that Petitioner had suffered three strikes within the meaning of 28 U.S.C. § 1915(g); found that he did not qualify for the imminent danger exception set forth in 28 U.S.C. § 1915(g); denied Plaintiff's request for leave to proceed *in forma pauperis*; and ordered him to pay the filing fee in full. Dkt. No. 12. Plaintiff has filed a motion titled "Plaintiff's Motion and Motion of Response to Docket Nos 2, 11," in which he argues that the Court erred in finding that he did not qualify for the imminent danger exception set forth in 28 U.S.C. § 1915(g). Dkt. No. 15. The Court construes this pleading as a motion for leave to file a motion for reconsideration of the Court's November 2, 2022 Order denying him leave to proceed *in forma pauperis*. For the reasons set forth below, the Court DENIES Plaintiff leave to file a motion for reconsideration.

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* N.D. Cal. Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party

<div align="left" style="writing-mode: vertical-lr">
United States District Court<br>
Northern District of California
</div>

applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  *See* N.D. Cal. Civil L.R. 7-9(b).  Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule.  *See* N.D. Cal. Civil L.R. 7-9(c).

In his motion requesting leave to file a motion for reconsideration, Plaintiff alleges that he qualifies for the imminent danger exception because defendant Etzel threatened him with assault from November 22, 2021 to May 27, 2022; on May 27, 2022, defendant Etzel accomplished the assault and has admitted to ordering the May 27, 2022 assault; and on June 23, 2022, the day Plaintiff provided his complaint to prison authorities, defendant Etzel again threatened him with assault.  Dkt. No. 15 at 2.  Plaintiff also argues that 28 U.S.C. § 1915 holds that a court cannot bar a litigant from proceeding with a lawsuit simply because the litigant cannot afford to pay a partial filing fee.  He argues that Section 1915 provides that a state prisoner who cannot pay the initial filing fee must be allowed to proceed with the action and not merely granted additional time to pay.

Plaintiff has not met the requirements of N.D. Cal. Civ. L. R. 7-9.  Plaintiff has not alleged the emergence of material facts or a change in law since the Court denied him leave to proceed *in forma pauperis*, and he has not demonstrated that the Court failed to consider material facts. Plaintiff merely repeats the allegations he made in the complaint (Dkt. No. 1) and in his responses to the Court's Order to Show Cause (Dkt. Nos. 9, 10, 11).  Plaintiff has not addressed the Court's reasons for finding that his allegations failed to demonstrate that he faced imminent danger of serious physical injury from defendant Etzel at the time he filed this action.  In addition, Plaintiff misreads 28 U.S.C. § 1915.  Section 1915 does not provide that state prisoners must be allowed to proceed with their lawsuits regardless of their ability to pay.  Rather, Section 1915 allows for a prisoner to proceed with an action without prepayment of the full filing fee *if* the Court grants the prisoner leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(a), and also provides that a prisoner who has been granted leave to proceed *in forma pauperis* may continue with his or her action even

if he or she lacks funds to pay the initial partial filing fee, 28 U.S.C. § 1915(b)(4).  Here, Plaintiff has not been granted leave to proceed *in forma pauperis*, so Section 1915's payment provisions are inapplicable to him.

For the foregoing reasons, the Court DENIES Plaintiff leave to file a motion for reconsideration.  Dkt. No. 15.  Plaintiff is reminded that he may proceed with this action only if he pays the $402 filing and administrative fee in full.

This order terminates Dkt. No. 15.

**IT IS SO ORDERED.**

Dated:   11/28/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3